IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN GUTIERREZ, JR. | § | |
| TDCJ No. 02070444, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-1284-N-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Martin Gutierrez, Jr. – a Texas prisoner – was charged in Dallas

County with murder. Dkt. No. 10-1 at 8. He pled not guilty, but a jury found him

guilty as charged and sentenced him to 60 years of imprisonment and a $10,000 fine.

*See State of Texas v. Martin Gutierrez, Jr*., F-1512273-J (Crim. Dist. Crt. 3, Dallas

County, May 26, 2016).

The Fifth Court of Appeals affirmed the judgment. *See Gutierrez v. State*, No.

05-16-00638-CR, 2018 WL 258979 (Tex. App. – Dallas Jan. 2, 2018, pet. ref'd) (mem.

op., not designated for publication). And the Texas Court of Criminal Appeals (CCA)

denied Petitioner's petition for discretionary review. *See Gutierrez v. State*, PDR No.

PD-1160-18 (Tex. Crim. App. 2018).

Petitioner applied for state habeas relief. The CCA held that the $10,000 fine

was not authorized and vacated it but otherwise found that Petitioner's claims lacked

merit and denied relief. *See Ex parte Gutierrez*, WR-90,285-02 (Tex. Crim. App. Jan. 13, 2021); Dkt. No. 10-34 at 1.

Petitioner then filed this application for federal habeas relief pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 3. The Court referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) pursuant to Special Order 3-251 and a standing order of reference from Chief United States District Judge David C. Godbey. The State responded to Petitioner's application, arguing that it should be denied. *See* Dkt. No. 11. Petitioner filed a reply. *See* Dkt. No. 12.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny Petitioner's application for a writ of habeas corpus.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under the AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2254(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it

reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted)). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is

possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on [an] unreasonable factual determination." *Will v. Lumpkin*, 978 F.3d 933, 942 (5th Cir. 2020) (emphasis in original). In other words, habeas relief is unwarranted if the state court's conclusion would not have changed even if it got the disputed factual determination right. *See id.*

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review

[that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)). This is "[b]ecause a federal habeas court only reviews the reasonableness of the state court's ultimate decision," "not the written opinion explaining that decision." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003) (quoting *Neal*, 286 F.3d at 246).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## Analysis

Petitioner claims that his counsel was ineffective in various ways.

The Court reviews the merits of properly exhausted IAC claims, whether directed at trial or appellate counsel, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a petitioner "'must show that counsel's performance'" – "'strongly presume[d to be] good enough'" – "'was [1]

objectively unreasonable and [2] prejudiced him.'" *Coleman v. Vannoy*, 963 F.3d 429, 432 (5th Cir. 2020) (quoting *Howard v. Davis*, 959 F.3d 168, 171 (5th Cir. 2020)).

To count as objectively unreasonable, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)). "And to establish prejudice, a defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Andrus v. Texas*, 140 S. Ct. 1875, 1881 (2020) (per curiam) (quoting *Strickland*, 466 U.S. at 694).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003); *see also Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) ("[B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" (quoting *Strickland*, 466 U.S. at 689)).

And, "[j]ust as there is no expectation that competent counsel will be a flawless

strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105); *see also Sanchez*, 936 F.3d at 305 ("As the State rightly puts it, we defer 'both to trial counsel's reasoned performance and then again to the state habeas court's assessment of that performance.'" (quoting *Rhoades*, 852 F.3d at 434)); *Dunn v. Reeves*, 141 S. Ct. 2405, 2410-11 (2021) (per curiam) (noting that a federal court can may grant habeas relief only if *every* "'fairminded juris[t]'" would agree that *every* reasonable lawyer would have made a different decision (citing *Richter*, 562 U.S. at 101) (emphasis in original)).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus,

- 10 -

"the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010); *Adekeye*, 938 F.3d at 682.

Where the state court has adjudicated claims of ineffective assistance on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *compare Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)), *with Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief

in a federal habeas proceeding.").

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)). In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a *Strickland* claim fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.[1]

---

[1] *See also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Adekeye*, 938 F.3d at 683-84 ("The Supreme Court standard on prejudice is sharply defined: 'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.' [A petitioner] must show it was 'reasonably likely' the jury would have reached a different result, not merely that it could have reached a different result. The Court reaffirmed this point in *Richter*: 'The likelihood of a different result must be substantial, not just conceivable.' Now layer on top of that the habeas lens of reasonableness. [Where] the state court has already adjudicated [a petitioner's] ineffective-assistance claim on the merits, he must show that the court's no-prejudice decision is 'not only incorrect but "objectively unreasonable."' Put differently, [he] must show that every reasonable jurist would conclude that it is reasonable likely that [a petitioner] would have

### A.    Failure to Argue Petitioner's Innocence and Self-Defense

Petitioner claims that his counsel was ineffective for conceding his guilt during the guilt-innocence phase, as opposed to arguing self-defense. *See* Dkt. No. 3 at 6.

The CCA's denial of this claim was reasonable.

The habeas trial court obtained an affidavit from Petitioner's trial counsel in which he explained that the self-defense argument was meritless, that Petitioner conceded his guilt, and that Petitioner agreed that the best trial strategy was to focus on acceptance of responsibility and hope for a more lenient punishment:

> [Petitioner] was clearly guilty of the offense of murder and he took responsibility for causing the death of the complainant. At the time of the incident, both he and the complainant were highly intoxicated. [Petitioner] understood the law regarding voluntary intoxication and the laws of self-defense in the State of Texas and we discussed these issues on several occasions prior to his trial. We fully discussed the limitations on the right of self-defense and that his "overkill" of the complainant would self-defeat a claim of self-defense.
>
> After a full and thorough discussion of the options he faced, we agreed that the best way to proceed was to take responsibility for his actions and seek to try and limit the punishment that he would ultimately receive, recognizing that his punishment had been enhanced to a minimum of 25 years. [Petitioner] agreed before trial that taking responsibility was the best trial strategy.

Dkt. No. 10-32 at 15.

The habeas trial court credited Petitioner's counsel's affidavit and found that his strategy was reasonable:

---

fared better at trial had his counsel conducted [himself differently]. 'It bears repeating,' the Supreme Court emphasized in *Richter*, 'that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" (footnotes omitted)).

8. The issue of self-defense was not raised by the evidence. No evidence showed that Applicant had a reasonable belief his use of force was immediately necessary to protect himself. Applicant has not proved that he was entitled to an instruction on self-defense, and his counsel was not ineffective in failing to request one.

9. Given the options available to trial counsel in a case where the evidence against the applicant was overwhelming, the applicant cannot overcome the presumption that counsel's conduct was reasonable and motivated by sound strategy.

10. Trial counsel's apparent strategy was to limit punishment, and the decision that the applicant take responsibility for the offense was a matter of trial strategy and not the result of the ineffective assistance of counsel.

Dkt. No. 10-32 at 7-9.

The findings that counsel was credible and that he decided not pursue the self-defense argument as a matter of strategy are factual findings entitled to deference under AEDPA. *See*, *e.g.*, *Miller v. Hooper*, 2023 WL 7489930, at *8 (E.D. La. Nov. 13, 2023) (noting that state habeas court's credibility determinations on affidavits were factual findings entitled to a "rebuttable presumption of correctness under § 2254(e)(1)"); *Neal v. Vannoy*, 78 F.4th 775, 786 (5th Cir. 2023) ("We agree with the State that a state court determination that trial counsel's conduct at trial was the result of a strategic and tactical decision is a question of fact, *see Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999), and is analyzed under Sections 2254(d)(2) and (e)(1).").

To upset them, Petitioner must produce clear and convincing evidence that they are incorrect. *See* 28 U.S.C. § 2254(e)(1). He fails to do that.

- 14 -

Petitioner appears to argue that his counsel's decision not to pursue self-defense was not strategic because he could have achieved the same outcome by pleading guilty and proceeding to the punishment phase. Dkt. No. 12 at 6. But that goes to whether the strategic decision was reasonable (addressed below), not whether the decision was strategic in the first place.

Petitioner claims that he would not have agreed to a strategy of taking responsibility because he acted in self-defense. *See id.* at 4. But the habeas trial court found otherwise in crediting the affidavit of Petitioner's counsel, who stated that the strategy was fully explained to Petitioner and that Petitioner agreed with it. Petitioner's unsupported, conclusory assertions to the contrary on federal habeas review are not enough to disturb that finding. *See*, *e.g.*, *Ford*, 910 F.3d at 235 (noting that the habeas petitioner's "bare assertion" in a federal habeas proceeding is not enough to overcome factual finding of state habeas court because "'absent evidence in the record'" the federal court should not "'consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition…, unsupported and unsupportable by anything else in the record, to be of probative evidentiary value'"); quoting *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (per curiam)).

In short, Petitioner fails to establish that the decision to accept responsibility as opposed to arguing self-defense was not a matter of trial strategy.

On the reasonableness of the strategy, again, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance[,]" and "[t]rial counsel's strategic decisions must be given a strong degree of deference." *Rhoades*, 852 F.3d at 432 (citations omitted).

It was reasonable strategy to concede guilt and to attempt to limit punishment when the evidence against Petitioner was overwhelming. As the appellate court explained:

> The evidence showed that appellant went out drinking with [the complainant, and the two fought and argued over the loss of [the complainant's] car keys. Police found appellant with his foot on the neck of [the complainant's] dead body. Appellant repeatedly said "I killed him, I killed him" in an "angry way." Appellant continued to say he "killed him" and "stomped him" as he was handcuffed in detained in a police car. Video of appellant's actions and statements inside the car was played without objection.

*Gutierrez*, 2018 WL 258979, at *4.

Additionally, the incident was caught on video, which was presented at trial, and several eyewitnesses, in addition to the responding officer, testified that Petitioner killed or maimed the complainant. *See*, *e.g.*, Dkt. No. 10-8 at 22, 26, 53, 61.

And, as the habeas trial court observed, there was no evidence supporting a self-defense argument, which, under Texas law, permits a person's use of deadly force if the actor reasonably believes the force used was immediately necessary to protect the person against the other's use or attempted use of unlawful deadly force. *See* TEX. PENAL CODE §§ 9.31-23.

In response to that, Petitioner notes that the complainant had been fighting with him intermittently throughout the evening before he killed him. He notes that the complainant had a blood alcohol level of .212 and points to a declaration that he

- 16 -

filed in the state habeas proceedings in which he claimed that the complainant was the aggressor and that he had simply defended himself. *See* Dkt. No. 12 at 5.

That the complainant had been fighting with Petitioner throughout the night and was drunk does not establish that Petitioner had a reasonable belief that deadly force was necessary to protect himself from the complainant's use or attempted use of unlawful deadly force.

As for the conclusory contention that Petitioner defended himself, the evidence at trial showed that this was not true. Again, the Court is not required – and should not – accept a petitioner's bare, unsupported assertion that is belied by the record evidence. *See Ford*, 910 F.3d at 235 (citations omitted).

At bottom, Petitioner fails to show that the self-defense argument would have had merit or that his counsel should have made it.

Petitioner also appears to argue that it was ineffective to concede guilt at the guilt-innocence stage and that a better strategy would have been to plead guilty and argue against a harsh punishment at the punishment stage. *See* Dkt. No. 12 at 6.

But Petitioner fails to explain why doing that would be better than conceding guilt at the guilt-innocence stage, which allowed his counsel to build credibility with the jury by emphasizing Petitioner's acceptance of responsibility from the start while simultaneously keeping alive the remote chance that the jury would go against the evidence and acquit. That Petitioner would have pursued a different strategy does not mean that his counsel's was unreasonable. *See*, *e.g.*, *Flores v. Lumpkin*, Civil Action No. H-20-2252, 2021 WL 4442795, at *8 (S.D. Tex. Sept. 28, 2021) ("That a

trial strategy was ultimately unsuccessful or a different attorney would have used a different trial strategy does not establish ineffective assistance of counsel."); citing *Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004)).

And Petitioner fails to show that he was prejudiced by his counsel's strategy. He fails to show that his counsel arguing self-defense would have led to "reasonable probability" of a different outcome given the evidence against him and lack of evidence supporting self-defense. *See Strickland*, 466 U.S. at 694.

The CCA did not unreasonably apply *Strickland* in denying this claim.

**B.    Failure to Request Lesser-Included Offense Instructions**

Petitioner faults his counsel for not seeking the inclusion of lesser-included offenses of manslaughter and aggravated assault. Dkt. No. 3 at 6.

Texas law requires a lesser included offense charge when (1) the "lesser included offense is included within the proof necessary to establish the greater offense"; and (2) there is "some evidence in the record show[ing] that, if the defendant is guilty, he is guilty only of the lesser included offense." *Taylor v. State*, No. 05-17-00658-CR, 2018 WL 3640467, at *8 (Tex. App. – Dallas Aug. 1, 2019, no pet.) (citations omitted).

The habeas trial court found that this claim should be denied because Petitioner was not entitled to lesser-included instructions, so his counsel was not ineffective in failing to seek them. *See* Dkt. No. 10-32 at 8-9. The habeas trial court specifically found that Petitioner "failed to meet his burden of proof that any evidence in the record exists that shows that he was only guilty of a lesser included offense,"

and his trial counsel was not ineffective for failing to request instructions that Petitioner was not entitled to receive. Dkt. No. 10-32 at 9.

The undersigned agrees. Aggravated assault and manslaughter can be lesser included offenses of murder. *See Ybarra v. State*, 890 S.W.2d 98, 108 (Tex. App. – San Antonio, 1994, pet. ref'd) (citation omited). But, for Petitioner to be entitled to instructions on those offenses, there must be "some affirmative evidence in the record sufficient for a rational jury to acquit [Petitioner] of murder and convict him of a lesser-included offense." *King v. Dir., TDCJ-CID*, No. 21-cv-2221-B-BN, 2023 WL 3213021, at *10 (N.D. Tex. Apr. 14, 2023), *rec. accepted* 2023 WL 3220197 (N.D. Tex. May 2, 2023) (citing *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012)).

Petitioner points to no such evidence here. Instead, as explained above, there was ample evidence that Petitioner murdered the complainant. That is, that he "intentionally or knowingly cause[d]" the complainant's death or intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused the complainant's death. *See* TEX. PENAL CODE. ANN. § 19.02(b), and (2).

And, given that ample evidence of murder, a request for a lesser included instruction of manslaughter or aggravated assault would have been futile, and counsel is not required to make futile motions. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

The CCA's rejection of this claim was not an unreasonable application of *Strickland*.

- 19 -

**C.    Failure to Request Self-Defense Jury Instruction**

Petitioner claims that his counsel was ineffective for failing to request a self-defense jury instruction.

Again, this was part of counsel's strategy – with which Petitioner agreed – to concede guilt and focus on obtaining a favorable sentence by accepting responsibility because there was overwhelming evidence against Petitioner and no evidence supporting a self-defense argument.

As explained above, the CCA reasonably concluded that this strategy was not ineffective.

And, for those same reasons, it was not ineffective for counsel to decline to request a self-defense jury instruction where it had no chance of success and would hamper counsel's concession-of-guilt strategy. Counsel is not required to raise futile defenses. *See Koch*, 907 F.2d at 527.

Finally, Petitioner has not shown a reasonable probability of a different outcome had he received a self-defense jury instruction. As discussed, Petitioner has failed to show that the defense was applicable.

The CCA's rejection of this claim was not an unreasonable application of *Strickland.*

**D.    Failure to Object to Jury Charge Regarding Parole and Good Conduct Time**

Petitioner claims that his counsel was ineffective for not objecting to a supposedly erroneous jury charge regarding parole and good conduct time. *See* Dkt. No. 3 at 6. Specifically, Petitioner takes issue with the trial court's instruction –

pursuant to the version of Texas Code of Criminal Procedure § 4(a) in effect at that time –that the jury, in assessing punishment, could consider a potential award of good conduct time and the applicable parole law. *See id.*; *see also* Dkt. No. 10-9 at 162-63 (jury instruction).

Petitioner made the same argument to the state appellate court, which squarely rejected it:

> At the time of the trial, murder was an offense for which the [Tex. Code. Crim. Proc. art.] 37.07 section 4(a) instruction was required. *See id.* art. 37.07 § 4(a); art. 42.12 § 3g(a)(1). Therefore, because the trial judge in this case instructed the jury according to the legislative dictate expressed in article 37.07, section 4(a), he did not commit error. *Luquis v. State*, 72 S.W.3d 355, 365 (Tex. Crim. App. 2002). Further, the court of criminal appeals has determined that the 37.07 section 4(a) instruction does not violate due process. *Id.* We overrule appellant's third point of error.

*Gutierrez*, 2018 WL 258979, at *5.

The undersigned agrees with that analysis. Petitioner is claiming that his counsel should have objected to a jury instruction that the trial court was statutorily obligated to give.

Any objection would have been futile, and counsel is not required to make futile objections.

The CCA did not unreasonably apply *Strickland* in denying this claim.

### Recommendation

The Court should deny Petitioner's federal habeas application.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 11, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE